VENESHIA M. VERNA,

        Appellant,

 -against-           1:15-CV-1127 (LEK)

U.S. BANK NATIONAL ASSOCIATION,

        Appellee.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Appellant Veneshia M. Verna appeals a decision by U.S. Bankruptcy Judge Robert E. Littlefield, Jr. granting partial summary judgment in favor of Appellee U.S. Bank National Association. Dkt. Nos. 1 at 8–22 ("Bankruptcy Order"), 9 ("Appellant Brief"). Appellee filed a Response, and Appellant filed a Reply. Dkt. Nos. 13 ("Response"), 14 ("Reply"). For the reasons that follow, the Bankruptcy Order is affirmed.

**II. BACKGROUND**

On August 17, 2007, Appellant borrowed $149,651 from First Alternative Mortgage Corp., executing a note and mortgage against her residence. Bankruptcy Order at 9. The note bears two endorsements: from First Alternative to Appellee, and from Appellee in blank and without recourse. Id. at 10. The mortgage classifies Appellant as the borrower, First Alternative as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for First Alternative. Id. Appellant and Appellee agreed to modify the loan on February 17, 2010, enabling MERS to serve as nominee for Appellee. Id. Later, on May 27, 2011, "the mortgage was assigned from MERS, as nominee for First Alternative, to MERS, as nominee for [Appellee],"

and finally from MERS to Appellee. Id. After Appellant defaulted on the loan, Appellee initiated foreclosure proceedings against Appellant in November 2012. Id.

Appellant filed for Chapter 13 bankruptcy on April 25, 2014, staying Appellee's foreclosure action. Id. In her proposed bankruptcy plan, Appellant described Appellee's claim on Appellant's residence as unsecured. Id. Moreover, Appellant's plan made clear her intent to attack the validity of Appellee's mortgage lien. Id. Accordingly, on August 24, 2014, Appellant initiated an adversary proceeding against Appellee. Id. She sought relief against Appellee on two grounds. Id. First, she alleged that Appellee's mortgage lien was invalid because of defects in the mortgage assignments and the separation of rights in the mortgage and note. Id. Second, she challenged the amount Appellee claimed it was owed based on the note. Id. at 10–11.

Discovery commenced, and Appellant sent Appellee two interrogatories and two document requests related to the note. Id. at 11. One of Appellant's interrogatories asked for the location of the note on November 15, 2012, the day on which Appellee had begun foreclosure proceedings. Id. Appellee responded by claiming that it did not know exactly where the note was at that time, but that the note was somewhere in its possession then. Id. The other interrogatory asked for information about how and when Appellee received the note. Id. Appellant stated that the note originated on August 17, 2007, that it went active on Appellee's system on August 29, 2007, and that Appellee came to possess the note on or between those dates. Id. Appellee produced a copy of the note and other documents relating to the loan in response to Appellant's requests for copies of the note and evidence of the physical transfer of the note from origination to its current location. Id. at 11–12.

2

Appellant moved for summary judgment on March 5, 2015. Dkt. Nos. 4-4 ("Summary Judgment Motion"), 4-6 ("Summary Judgment Memorandum"). Appellant argued that the note and mortgage had been "fatally separated when Defendant assumed ownership of the Note on August 29, 2007, but did not receive an Assignment of the Mortgage until May 27, 2011." Summ. J. Mem. at 4. Appellant also claimed that the mortgage assignments were invalid. Id. at 5. Finally, Appellant made an argument that had not been raised before: Appellee could not enforce the mortgage because it could not prove that it possessed the note prior to the initiation of foreclosure proceedings. Id.

Appellee opposed Appellant's Summary Judgment Motion. Dkt. No. 2-7 ("Summary Judgment Opposition"). In its Summary Judgment Opposition, Appellee included evidence that it had not provided to Appellant during discovery. Bankruptcy Order at 12. Appellee provided affidavits of its employees regarding its continued physical possession of the note, an affirmation by its attorney stating that she currently possessed the note, and a copy of the note certified by that attorney. Id. Appellee argued that this evidence conclusively demonstrated its possession of note, and that such possession was sufficient to give it standing to enforce the mortgage. Id. at 14. Appellee also contested the two other grounds for summary judgment raised by Appellant. Id. at 13–14. Notably, Appellee never moved for summary judgment.

Additional briefing then took place on the question whether the new evidence submitted by Appellee could be considered by the bankruptcy court. Dkt. Nos. 3-2 to -5. Appellant urged the bankruptcy court to strike the new evidence, arguing that Appellee failed to comply with its discovery obligations when it did not produce that evidence in response to Appellant's interrogatories and document requests. Bankruptcy Order at 14. Appellee claimed that the

3

bankruptcy court should consider the new evidence because it was submitted in response to Appellant's new argument in its Summary Judgment Memorandum. Id. Although Appellee never moved for summary judgment, on September 4, 2015, Judge Littlefield granted partial summary judgment in favor of Appellee on the first count of Appellant's Adversary Complaint, which alleged that the mortgage lien was invalid. Id. at 22. Judge Littlefield ruled that given the new evidence, which he agreed to consider, Appellee was entitled to judgment as a matter of law on the question whether its mortgage lien was enforceable. Id. Appellant filed a Notice of Appeal on September 17, 2015. Dkt. No. 1 at 23–24.

### III. LEGAL STANDARD

On appeal, a district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo. Cty. of Clinton v. Warehouse at Van Buren St., Inc., No. 12-CV-1636, 2013 WL 2145656, at *1 (N.D.N.Y. May 15, 2013) (citing R2 Invs., LDC v. Charter Commc'ns, Inc., 691 F.3d 476, 483 (2d Cir. 2012)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Further, "[w]here the appellant challenges a grant of summary judgment, the appellate court reviews the lower court's ruling de novo because the determination that there are no genuine issues of material fact is a legal conclusion." Jacobowitz v. Cadle Co. (In re Jacobowitz), 309 B.R. 429, 435 (S.D.N.Y. 2004) (citing FDIC v. Giammettei, 34 F.3d 51, 54–55 (2d Cir. 1994)). Therefore, a district court reviews a bankruptcy court's grant of summary judgment de novo. See Schackner v. Breslin Realty Dev. Corp., No. 11-CV-2734, 2012 WL 32624, at *3 (E.D.N.Y. Jan. 5, 2012). Following review, a district court "may affirm,

modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## IV. DISCUSSION

At the outset, Appellant and Appellee appear to disagree about how to characterize the Bankruptcy Order. At one point, Appellant describes it as a summary judgment order, Appellant Br. at 2, though she also refers to the bankruptcy court's "sua sponte dismiss[al]" of the first count of her Adversary Complaint, id. at 5. Appellee, for its part, describes the Bankruptcy Order as a sua sponte dismissal. Resp. at 4. The confusion is understandable. The Bankruptcy Order begins by stating that "[t]he matter before the court is a motion for partial summary judgment filed by [Appellant] on the first count of her adversary complaint against [Appellee], which challenges the validity of [Appellee's] mortgage lien." Bankruptcy Order at 1–2. It then recites the standard for granting summary judgment. Id. at 14–15. These two passages suggest a summary judgment ruling. But the bankruptcy court ends its opinion with the following order: "the first count of [Appellant's] adversary complaint is hereby dismissed." Id. at 15. That suggests a sua sponte dismissal. Nowhere does the bankruptcy court explicitly apply the standard for granting summary judgment to the relevant facts, and, as noted above, Appellee never moved for summary judgment on any issue. However, because the bankruptcy court chose to consider evidence outside the pleadings and to set out the framework governing summary judgment, the Court construes the Bankruptcy Order as a sua sponte partial summary judgment ruling in favor of Appellee. The Court will address the propriety of that procedural mechanism below.

Appellant argues for reversal of the Bankruptcy Order on three grounds. First, she argues that the bankruptcy court erred in considering the new evidence offered by Appellee. Appellant

Br. at 6–7. Second, she asserts that, even if the new evidence was properly before the bankruptcy court, summary judgment was inappropriate because Appellee's mortgage lien was unenforceable. Id. at 11–15. Third, she claims that it was procedurally improper for the bankruptcy court to sua sponte grant summary judgment in favor of Appellee, which never moved for summary judgment. Id. at 5. Appellee responds that it was clearly entitled to enforce the mortgage due to its status as the holder of the note, Resp. at 7–15, and that the bankruptcy court was within its discretion in considering the new evidence and in ruling in its favor, id. at 15–18.

### A. Appellee's New Evidence

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, courts may impose sanctions on parties that fail to obey discovery orders. Fed. R. Civ. P. 37(b)(2). Moreover, "[e]ven in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106–07 (2d Cir. 2002). Courts have broad discretion in deciding whether to impose discovery sanctions. Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999) ("Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses . . . ."); see also Mantell v. Chassman, 512 F. App'x 21, 23 (2d Cir. 2013) ("We review a district court's decision to impose sanctions under Rule 37 for abuse of discretion, and its factual findings for clear error."). However, courts should always strive to impose the least harsh sanctions necessary to cure discovery violations and discourage discovery abuses. Grammar v. Sharinn & Lipshie, P.C., No. 14-CV-6774, 2016 WL 525478, at *3 (S.D.N.Y. Feb. 8, 2016). "Strong sanctions

6

should be imposed only for serious violations of discovery orders," Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991), and exclusion of evidence is typically considered a drastic sanction, see Outley v. New York, 837 F.2d 587, 590–91 (2d Cir. 1988). An important goal of discovery sanctions is to "restore [the party] to the position that she would have been in had [the violating party] faithfully discharged its discovery obligations." Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 437 (S.D.N.Y. 2004).

Appellant asks the Court to strike the affidavits of Appellee's employees testifying to its continued possession of the note. Appellant Br. at 7. This remedy is appropriate, according to Appellant, because Appellee failed to provide the evidence in response to Appellant's discovery requests, and the evidence contradicts the responses Appellee did provide to Appellant. Id. Appellee does not spend much time addressing this issue in its Response, but its position appears to be that sanctions would be unwarranted because the new evidence was produced in response to the new argument regarding possession of the note that Appellant made when she moved for summary judgment. Resp. at 17. Appellee also points out that Appellant herself is guilty of procedural impropriety, because, as the bankruptcy court acknowledged, Bankruptcy Order at 15–16, when she moved for summary judgment she failed to include "a separate statement of material facts supported by citations to the record as required by N.D.N.Y. Local Rule of Bankruptcy Procedure 7056-1(a)," Resp. at 17.

The Court finds no abuse of discretion in the bankruptcy court's refusal to sanction Appellee for its alleged discovery violations by striking the affidavits. Exclusion of evidence is an extraordinary remedy for a discovery violation, see Outley, 837 F.2d at 590–91, and the Court would be ignoring its mandate to avoid overly harsh discovery sanctions if it imposed such a

draconian remedy here, see Grammar, 2016 WL 525478, at *3. This is not a situation in which Appellee failed to produce evidence that would be helpful to Appellant's case. Instead, Appellee, for reasons that remain unclear,[1] waited until after the close of discovery and the filing of Appellant's Motion for Summary Judgment to produce evidence that, according to Appellee, conclusively establishes its right to enforce the mortgage. Resp. at 16–17. It is hard to see any serious tactical advantage for Appellee from a deliberate decision to conceal evidence that would apparently lead to judgment in its favor on one count of Appellant's Adversary Complaint. That alone militates against striking the affidavits. See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 160 (2d Cir. 2012) ("When an attorney's misconduct or failing does not involve an attempt to place the other side at an unfair disadvantage, any sanction should ordinarily be directed against the attorney rather than the party, absent strong justification.").

Moreover, striking the affidavits would not restore Appellant to the position she would have been in had Appellee complied with its discovery obligations. See Zubulake, 229 F.R.D. at 437. During the March hearing, Appellant's attorney acknowledged that had she received the documentation establishing Appellee's status as holder of the note when she made her discovery requests, Appellant would not have moved for summary judgment on this issue. Hr'g Tr. at 7.

---

[1] In a hearing held on March 26, 2015, to address the issue of the new evidence, Appellee's attorney stated that it did not learn of the new evidence until about ten days before the hearing. Dkt. No. 4-4 ("Hearing Transcript") at 10. However, this explanation was not offered in the briefing that followed the hearing, and Appellee does not point to it in its Response. Moreover, it is hard to credit Appellee's explanation that it did not see the need to produce the evidence until it learned of Appellant's new argument, since during discovery Appellant explicitly asked for evidence of the physical transfer of the note from origination to its current location. Bankruptcy Order at 11.

Thus, Appellee's compliance with its discovery obligations would have effectively precluded Appellant from successfully challenging the validity of Appellee's mortgage on this ground. On the other hand, if the Court were to strike the affidavits, it would be quite hard, if not impossible, for Appellee to establish its physical possession of the notes. That, in turn, would make it much more difficult for Appellee to prove the validity of the mortgage, thereby giving Appellant a significant advantage in this proceeding. The appropriate remedy, if any, for this apparent discovery violation would have been monetary compensation to Appellant for filing a summary judgment motion that she may not have chosen to pursue had Appellee complied with its discovery obligations. Therefore, the Court finds that the bankruptcy court's refusal to strike Appellee's affidavits was well within the broad discretion accorded to it in this area.

### B. Appellee's Ability to Enforce the Mortgage[2]

"[T]he note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law." Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 361 (2015). "New York courts have repeatedly held that proof of physical possession [of the note]—such as the affidavits of . . . corporate representative and counsel . . .—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note." OneWest Bank, N.A. v. Melina, No. 15-CV-3063, 2016 WL 3548346, at *6 (2d Cir. June 29, 2016). Because proof of possession of the note suffices to establish standing to enforce the mortgage, "the possible separation of the [n]ote and the mortgage at some point in the past [cannot] somehow render[] [the holder's] interest invalid." Brundige v. Everbank, No. 15-CV-1365, 2016 WL 4523929, at

---

[2] The parties have agreed that New York law controls the question whether Appellee's mortgage lien is enforceable. Bankruptcy Order at 15.

9

*4 (N.D.N.Y. Aug. 22, 2016). Appellant, rehashing arguments she made when moving for summary judgment, attacks the bankruptcy court's "rigid position that whoever holds the Note can enforce the mortgage." Appellant Br. at 15. She also contends that "there was no proper evidence before the [bankruptcy court] that [Appellee] was in possession of the original Note." Id. at 12. However, that argument goes to the bankruptcy court's decision to consider the new evidence, which the Court addressed above.

      The bankruptcy court concluded, and this Court agrees, that Appellee "has established itself as the holder of the note." Bankruptcy Order at 18. Appellee provided four affidavits of its employees testifying to the location of the note from September 13, 2007, to March 19, 2015, Resp. at 8–9, and these dates encompass the initiation of foreclosure proceedings and the filing of Appellant's Chapter 13 petition, id. at 9. Appellee also provided an attorney affirmation stating that the note is now in the possession of the law firm employed by Appellee. Id. The very same type of evidence—two employee affidavits tracing the physical possession of the note and an attorney affirmation—was recently found to be sufficient to establish standing to foreclose. Brundige, 2016 WL 4523929, at *3; see also Wells Fargo Bank, N.A. v. Charlaff, 24 N.Y.S.3d 317, 319 (App. Div. 2015) ("[B]y submitting the affidavit of a vice president of the plaintiff, which established that the plaintiff had physical possession of the note when it commenced this action, the respondents also met their prima facie burden of establishing . . . standing [to enforce the mortgage]."). Despite moving for summary judgment on this issue, Appellant has not offered any evidence calling into question the four affidavits and the attorney affirmation. There is thus no material issue of fact about whether Appellee had possession of the note at the relevant times, and therefore it was proper for the bankruptcy court to determine that Appellee was the holder of

the note. See In re Great Atl. & Pac. Tea Co., Inc., 509 B.R. 430, 442 (S.D.N.Y. 2014) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or by showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .").

Equally unavailing is Appellant's argument that Appellee's physical possession of the note somehow does not establish standing to enforce the mortgage. Appellant fails to point to any authority contradicting the well-settled New York rule that physical possession of the note is sufficient to enable the holder to initiate foreclosure proceedings. E.g., Wells Fargo Bank, N.A. v. Rooney, 19 N.Y.S.3d 543, 544 (App. Div. 2015) ("A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note."). To the extent that Appellant continues to argue that the alleged separation of the note and mortgage precludes enforcement of the mortgage, Appellant Br. at 15, the Court notes that this argument has been soundly rejected by courts applying New York law, e.g., E. Sav. Bank, FSB v. Whyte, No. 13-CV-6111, 2016 WL 236221, at *3 (E.D.N.Y. Jan. 20, 2016) ("Because physical delivery is sufficient to transfer both the note and the attendant right to foreclose, the Court need not address any purported deficiencies in the chain of title."). Therefore, the bankruptcy court was correct to conclude that Appellee could not succeed on count one of her Adversary Complaint, which challenged the enforceability of the mortgage.

**C. The Sua Sponte Grant of Partial Summary Judgment**

"Under Federal Rule of Civil Procedure 56(f), district courts have discretion to grant summary judgment sua sponte '[a]fter giving notice and a reasonable time to respond' and 'after

11

identifying for the parties material facts that may not be genuinely in dispute.'" Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 756 F.3d 73, 80 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(f), (f)(3)).[3] "Although courts are well advised to give notice to the moving party of the possibility that judgment may be entered against it, the absence of notice will not be prejudicial if the moving party has no additional evidence to proffer." Williams v. Secure Res. Commc'n Corp., No. 11-CV-03986, 2013 WL 4828578, at *4 (S.D.N.Y. Sept. 10, 2013); see also Ramsey v. Coughlin, 94 F.3d 71, 74 (2d Cir. 1996) (notice-related concerns about sua sponte summary judgment are diminished when the record reflects "the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment"). When one party moves for summary judgment and the other does not, "the threat of procedural prejudice is greatly diminished if the court's sua sponte determination [in favor of the non-moving party] is based on issues identical to those raised by the moving party." Coach Leatherware Co. v. AnnTaylor, Inc., 933 F.2d 162, 167 (2d Cir. 1991).

Appellant argues that it was procedurally improper for the bankruptcy court to sua sponte grant partial summary judgment in favor of Appellee with respect to the first count of Appellant's Adversary Complaint. Appellant Br. at 5. She emphasizes that Appellee never moved for summary judgment, and that "the only ruling the Court could make was whether or not to grant [Appellant's] motion for summary judgment." Id.

While the practice of granting summary judgment sua sponte is "firmly discouraged" in this circuit, Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000), the Court finds that

---

[3] Under Rule 7056 of the Federal Rules of Bankruptcy Procedure, Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056.

it is not grounds for reversal in this case. The bankruptcy court did not inform the parties beforehand that it would consider granting partial summary judgment in favor of Appellee, but Appellant herself moved for summary judgment on the validity of the mortgage lien. Appellant's decision to ask for summary judgment on the very issue on which the bankruptcy court ended up ruling reduced the risk of prejudice to her from the Bankruptcy Order. See Coach Leatherware, 933 F.2d at 167. If Appellant had evidence suggesting that Appellee was not in possession of the note at the relevant times, she could have presented it when she moved for summary judgment. Also, as Appellant herself points out, Appellee tried to obtain permission from the bankruptcy court to file a late motion for summary judgment, but the request was denied. Appellant Br. at 5. Appellant therefore had some notice that summary judgment against her was at least a possibility.

More importantly, as discussed above, the evidence offered by Appellee establishes that it was the holder of the note at the relevant times. That is all that is needed to prove Appellee's standing to enforce the mortgage, and the Court has already noted that there is no merit to Appellant's theory about the legal significance of the separation of the note and the mortgage. Since there is nothing more to the first count of Appellant's Adversary Complaint, it was proper for the bankruptcy court to conclude that additional proceedings would not "enhance the evidence supporting [her] position." Ramsey, 94 F.3d at 74. Moreover, even though Appellant had the chance to conduct discovery, Bankruptcy Order at 11, she has not come forward with any evidence plausibly suggesting that Appellee cannot enforce the mortgage. See Bridgeway, 201 F.3d at 140–41 (finding a lack of prejudice because "at no point since the district court's decision has [appellant] identified any piece of evidence . . . that it would have introduced had it been

given notice"). Thus, it was not reversible error for the bankruptcy court to sua sponte grant partial summary judgment in favor of Appellee.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Appellant Veneshia M. Verna's Appeal (Dkt. No. 1 at 23–24) is **DENIED**; and it is further

**ORDERED**, that the September 4, 2015 Order (Dkt. No. 1 at 8–22) of the Bankruptcy Court granting partial summary judgment in favor of Appellee U.S. Bank National Association is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 20, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge